LOUISA GRIMM v. FRANCIS GRIMM.

Where an injunction has been issued by order of the court, on a motion of which the party enjoined had notice, the propriety of the injunction will not be reviewed on appeal from an order granting an attachment for a violation thereof.

The rule appears to have been different when the injunction was granted by a master in chancery.

A husband, in an action for a divorce, having been ordered to pay a certain sum monthly towards the wife's maintainance, and enjoined from interfering with his pro-

perty unless security for the payments were filed within a specified time, disobeyed the injunction. On his appeal from an order granting an attachment against him therefor, the order was affirmed, but with the privilege to him to file the security and have the order discharged, it being shown that he had been misled by advice of counsel.

THIS action was brought by a wife against her husband, for a divorce. Upon the plaintiff's motion, on notice to the defendant, an order was granted, directing him to pay a specified sum each month, to be applied to the plaintiff's support, and subsequently a further order was made, on like notice, directing him to file security for the payments, on pain of a sequestration of his property. The order last mentioned also restrained him from interfering with his property until the filing of the security. Being advised by counsel that the latter order was void, he disobeyed it, and disposed of a part of his property. An order for an attachment, as for a contempt of court, was entered; from which the defendant appealed to the general term.

*A. D. Russel*, for the defendant.

*Charles H. Hunt*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—Where an injunction is issued by order of the court, on a motion of which the party enjoined has notice, and is violated by him, he will not, on an appeal from an order granting an attachment for such disobedience of the injunction, review the propriety of issuing the injunction in the first instance. If the order containing the injunction was erroneous, the defendant should have appealed from it. By submitting to that order as made, he was bound to obey it, and it is too late now on this appeal to go back to the original motion to inquire into the merits of it.

A different rule may have prevailed when the injunction was granted by a master in chancery. In such cases, when the motion was made to the court for an attachment, they would examine into the propriety of the injunction, but where the

injunction is granted on a motion made upon notice, the party should then make his objection.

The defendant appears to have acted by the advice of his counsel, and if he has been misled by it, he should be allowed to remedy the evil by complying, within reasonable time, with the order; and, under the circumstances, I think the order appealed from should be so far modified as to permit the defendant, within ten days, to give the security as required by that order, or in default thereof, that the order appealed from be affirmed. The defendant, in either case, to pay ten dollars costs of this appeal.

Ordered accordingly.